UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| SADIYA ALI, o/b/o A.I., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:18-cv-109-JAW |
| | ) | |
| LONG CREEK YOUTH | ) | |
| DEVELOPMENT CENTER, et als. | ) | |
| | ) | |
| Defendants | ) | |

**ANSWER OF DEFENDANTS LONG CREEK YOUTH DEVELOPMENT CENTER, MAINE DEPARTMENT OF CORRECTIONS, JOSEPH FITZPATRICK, CAROLINE RAYMOND, MICHAEL A MULLIN AND DANIEL A. FERRANTE**

Defendants Long Creek Youth Development Center, Maine Department of Corrections, Joseph Fitzpatrick, Caroline Raymond, Michael A. Mullin and Daniel a. Ferrante answer the Complaint as follows:

1. Paragraph 1 is a summary of the nature of the case, and no response is required.

2. Defendants admit that A.I. was detained at Long Creek at the time alleged. Defendants neither admit nor deny the allegation concerning a report from the CCLP for lack of sufficient knowledge and information. Defendants deny the remaining allegations in Paragraph 2.

3. Defendants deny the allegations in Paragraph 3.

4. Defendants deny the allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

1

7.  Defendants deny the allegations in Paragraph 7, except that defendants neither admit nor deny that new charges are pending against A.I., for lack of sufficient knowledge and information.

8.  Defendants admit that plaintiff is the mother of A.I.  Defendants neither admit nor deny the remaining allegations in Paragraph 9 of the Complaint for lack of sufficient knowledge and information.

9.  Defendants admit that A.I. is a minor.  Defendants neither admit nor deny the remaining allegations in Paragraph 9 of the Complaint for lack of sufficient knowledge and information.

10.  Defendants admit that Long Creek is a facility established by statute and that one of its purposes is to detain or confine juveniles as ordered by the courts.  Defendant denies the remaining allegation in Paragraph 10.

11. Defendants admit the allegations in Paragraph 11.

12.  Defendants admit the allegations in Paragraph 12.

13.  Defendants admit that defendant Raymond is the current superintendent of Long Creek.  Defendant admits that defendant Raymond reviews incident reports.  Defendants deny the remaining allegation in Paragraph 13.

14. The allegations that defendant Mullin was "an agent of DOC and Long Creek" and "acted under color of state law" are legal conclusions, and no response is required.  Defendants admit the factual allegations in Paragraph 14.

15. The allegations that defendant Ferrante was "an agent of DOC and Long Creek" and "acted under color of state law" are legal conclusions, and no response is required.  Defendants admit the factual allegations in Paragraph 15.

16. The allegations that defendant Foster was "an agent of DOC and Long Creek" and "acted under color of state law" are legal conclusions, and no response is required. Defendants admit the factual allegations in Paragraph 16.

17. The allegations that defendant Drohan was "an agent of DOC and Long Creek" and "acted under color of state law" are legal conclusions, and no response is required. Defendants admit the factual allegations in Paragraph 17.

18. The allegations that defendant Correct Care Solutions was "an agent of DOC and Long Creek" and "acted under color of state law" are legal conclusions, and no response is required. Defendants admit the factual allegations in Paragraph 18.

19. Paragraph 19 states a legal conclusion, and no response is required.

20. Paragraph 20 states a legal conclusion, and no response is required.

21. Paragraph 21 states a legal conclusion, and no response is required.

22. Paragraph 22 states a legal conclusion, and no response is required.

23. Paragraph 23 states a legal conclusion, and no response is required.

24. Defendants are unable to respond to his allegation because the term "numerous concerns" is impossibly vague. To the extent a response is required, defendants deny this allegation.

25. Defendants admit that the Department issued the report as alleged and further state that the report speaks for itself. Defendants neither admit nor deny the allegation concerning the CCLP report for lack of sufficient knowledge and information.

26. Defendants admit that a 16-year old juvenile named Charles Knowles committed suicide at Long Creek in October of 2016. Defendants neither admit nor deny the allegations

concerning statements attributed to Knowles' mother but deny that those statements, if they were made, are accurate.

27. Defendants admit that A.I. was 11 years old and in the sixth grade at the time he was detained at Long Creek. Defendants are unable to respond to the allegation concerning "mental health illnesses," as that term is meaningless. Defendants admit that A.I. had been diagnosed with ADHD. Defendants neither admit nor deny the allegation concerning the CCLP report for lack of sufficient knowledge and information.

28. Defendants neither admit nor deny the allegations in Paragraph 28 for lack of sufficient knowledge and information.

29. Defendants admit that A.I. was detained at Long Creek per order of the court. Defendants neither admit nor deny the remaining allegations for lack of sufficient knowledge and information.

30. Defendants admit that A.I. had a court appearance scheduled on the date alleged. Defendants neither admit nor deny the remaining allegations in Paragraph 30 for lack of sufficient knowledge and information.

31. Defendants neither admit nor deny the allegations in Paragraph 31 for lack of sufficient knowledge and information.

32. To the extent Paragraph 32 summarizes plaintiff's claim, no response is required. Defendants deny the factual allegations in Paragraph 32.

33. Paragraph 33 does not allege any facts, and no response is required.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants admit that the Department of Corrections has promulgated policies regarding mental health care and prescription medications for its juvenile facilities, which policies speak for themselves.

38. Defendants admit that the Department has promulgated the policies cited in Paragraph 38 and further state that the policies speak for themselves.

39. Defendants neither admit nor deny the references to the CCLP report for lack of sufficient knowledge and information.

40. Defendant admits the notations described in Paragraph 40.  Defendants deny the remaining allegations in Paragraph 40.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants admit that a Long Creek employee wrote to the Portland Public Schools and that he stated that A.I was a special education student.  Defendants deny the remaining allegation in Paragraph 42.

43. Defendants admit that the email does contain the quoted statement but state that the e-mail also discusses A.I.'s inappropriate behavior and strategies for staff to deal with it. Defendants deny that the e-mail discusses "punishments."

44. Defendants admit that A.I. was seen in the medical department on the date alleged. Defendants admit that he would not sit still for an examination but that he was also "uncooperative and belligerent towards medical staff and DOC staff" and that he voluntarily got up and left.  Defendants admit that there was no sign of injury and no treatment needed. Defendants neither admit nor deny that A.I.'s behavior is a "symptom" of ADHD for lack of sufficient knowledge and information.

45. Defendants admit that A.I. was given a time out in his room as a result of an incident where he was flipping over furniture in the day room and ran at and flailed a staff member with his fists. Defendants deny that this sanction was imposed "instead of" mental health treatment. Defendants admit that A.I. was given five hours of pod restriction and two days without TV after assaulting another resident on the basketball court.

46. Defendants admit that A.I. was placed on IBMS on the date alleged after repeatedly threatening to and attempting to set off the sprinkler in his room, attempting to barricade the door, urinating on the floor in his room, being disrespectful to staff, and refusing to follow directives. Defendants deny that IBMS constitutes "isolation." The remaining statement in Paragraph 46 is an argument or conclusion, and no response is required.

47. Defendants admit that Ms. Lonsdale advised N.P. Foster that A.I. had been prescribed Ritalin in the past, as alleged, and also that his mother had not picked up the prescription and said that A.I. refused to take it.

48. Defendants admit that AI was confined to his room on July 11 after he threatened to shoot staff and other residents, refused to follow basic rules, responded with vulgar and offensive language, kicked and banged his door and verbally threatened and challenged other residents. Defendants deny this was done "instead of" providing treatment.

49. Defendants admit that Ms. Lonsdale wrote an e-mail addressed to a number of people (including AI's attorneys) discussing AI's medications and diagnoses and also indicating that AI had initially agreed to take medication but later refused to do so; that AI's mother was being evicted due to AI's behaviors in the neighborhood, and that AI's behavior was creating problems with both residents and staff in the SMU and the Maple Unit.

50. Defendants admit that consequences were imposed for AI's behavior during this time, which behaviors included refusing staff directives, swearing at residents, interfering with a unit lockdown, repeatedly saying "F_ck you, b_itch." to a female staff member, yelling and screaming and banging on his door. Defendants neither admit nor deny that these behaviors were "symptoms" of ADHD for lack of sufficient knowledge and information.

51. Defendants admit the allegations in Paragraph 51 and also that AI stated he would refuse to take medication and that his mother did not give it to him at home.

52. Defendants neither admit nor deny the allegations in Paragraph 52, except that defendants deny the conclusory assertions that N.P. Foster acted unreasonably or in reckless disregard of A.I.'s serious medical needs.

53. Defendants admit that N.P. Foster mentioned in her note that the school nurse had previously administered medication to A.I. Defendants deny the remaining allegation in Paragraph 53.

54. Defendants admit that A.I. signed a form saying he agreed to take medication as prescribed by a physician but that the form also said that if he did not wish to take the medication he would sign a refusal.

55. Defendants admit that the Department has in place policies that allow for therapeutic restraints in certain limited circumstances. The remainder of the statements in Paragraph 55 are argumentative and do not require a response.

56. Defendants admit the allegations in Paragraph 56 but state that A.I. was seen after he returned from court.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants admit that A.I. was detained per order of the court and continued to be so on July 26. Defendants deny that A.I.'s teeth were knocked out by Long Creek officers. Defendants neither admit nor deny the remaining allegations in Paragraph 58 for lack of sufficient knowledge and information.

59. Defendants admit the allegations in Paragraph 59, except that defendants deny that advising A.I. to follow up if he experienced physical symptoms was "instead" of recommending treatment for ADHD.

60. Defendants deny the allegation in Paragraph 60.

61. Defendants admit that the Academic Program Agreement was received on the date alleged and indicated that A.I. had an IEP and "multiple disabilities." The remainder of the statements in Paragraph 61 constitute an argument, and no response is required.

62. Defendants deny the allegations in Paragraph 62.

63. Defendants admit that A.I. was seen in medical regarding a complaint relating to his ear and that he was unwilling to be examined and had to be escorted from the medical department. Defendants deny the remaining allegation in Paragraph 63.

64. Defendants neither admit nor deny that A.I.'s inappropriate behaviors constituted ADHD "symptoms" for lack of sufficient knowledge and information. Defendants deny the remaining allegations in Paragraph 64.

65. Defendants admit that A.I. dumped his full breakfast tray on the floor after being advised that he would not be allowed to participate in activities that day. Defendants neither admit nor deny that A.I.'s inappropriate behavior was a "symptom" of ADHD for lack of sufficient knowledge and information.

66. Defendants admit that A.I. was restricted to his room as a result of his behavior and was not allowed to participate in regular activities at that time. the remainder of Paragraph 66 is an argument or conclusion, and no response is required.

67. Defendants admit that A.I.'s room did not have a toilet and that A.I. was creating a disturbance by repeatedly ringing his buzzer. Defendants deny that A.I. expressed the need to use the bathroom. The remaining statement in Paragraph 67 is a legal assertion, and no response is required.

68. Defendants deny that A.I. requested to use the bathroom. Defendants admit that JPS Drain, JPM Peavey and JPW Brown responded to the disturbance that A.I. created by banging on his door. Defendants deny that they would not allow A.I. to use the bathroom. Defendants admit that A.I. threatened to throw something at the sprinkler. Defendants deny the remaining allegations in Paragraph 68.

69. Defendants admit that Drain requested staff to remove additional items from A.I.'s room because he continued to attempt to activate the sprinkler. Defendants admit that A.I.'s behavior at that time did not constitute a physical threat to staff but constituted a threat of damage to property.

70. Defendants admit that they entered A.I.'s room and removed the blankets and mattress from his bed.

71. Defendants admit that they removed A.I.'s shoes but deny that they acted "forcibly." Defendants admit that they removed items under A.I.'s bed that could be thrown at the sprinkler. Defendants admit that A.I. spat at Mullin and Ferrante and state that he spat on Mullin.

72. Paragraph 72 consists of conclusions and arguments, and no response is required.

Case 2:18-cv-00109-JAW   Document 16   Filed 05/16/18   Page 10 of 15   PageID #: 83

73. Defendants deny that they forcefully restrained A.I. from behind. The remaining statements in Paragraph 73 constitute argument, and no response is required.

74. Defendants admit that A.I. was 11 years old, weighed less than 120 pounds and was five foot three. Defendants deny the remaining allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75. To the extent that Paragraph 75 states an argument or conclusion, no response is required.

76. Defendants admit that A.I. began to cry and say he was sorry. Defendants neither admit nor deny what A.I. felt or thought. Defendants deny the remaining allegations in Paragraph 76.

77. Defendants deny that A.I. was assaulted. Defendants admit that the incident was video recorded and that the recording is in DOC's possession.

78. Defendants deny the allegations in Paragraph 78. To the extent that Paragraph 78 states a conclusion or argument, no response is required.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants deny the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendant's neither admit nor deny that they notified plaintiff of A.I.'s injury. Defendants admit that plaintiff does not speak English. Defendants deny the remaining allegation in Paragraph 82.

83. Defendants neither admit nor deny the allegations in Paragraph 83 for lack of sufficient knowledge and information.

84. – 94. The allegations in these paragraphs are not directed at these defendants, and no response is required.

95. To the extent Paragraph 95 states legal conclusions and arguments, no response is required. Defendants deny the factual allegations in Paragraph 95.

96. Paragraph 96 states legal conclusions and arguments, and no response is required.

97. Defendants admit that A.I. had been diagnosed with ADHD and had at one time been prescribed medication for this condition and that he had an IEP. .Defendants deny the remaining allegations in Paragraph 97.

98. Paragraph 98 states legal or medical conclusions and arguments, and no response is required.

99. Paragraph 99 states legal or medical conclusions and arguments, and no response is required.

100. Paragraph 100 states legal or medical conclusions and arguments, and no response is required.

101. Paragraph 101 states legal or medical conclusions and arguments, and no response is required.

102. Paragraph 102 states legal or medical conclusions and arguments, and no response is required.

103. Paragraph 103 states legal or medical conclusions and arguments, and no response is required.

104. Paragraph 104 states legal or medical conclusions and arguments, and no response is required.

105. Defendants neither admit nor deny the allegations in Paragraph 105 for lack of sufficient knowledge and information.

106. Defendants deny the allegations in Paragraph 106.

107. Paragraph 107 states a legal argument or conclusion, and no response is required.

108. Defendants admit that the newspaper article is accurately quoted in small part in Paragraph 108 but neither admit nor deny for lack of sufficient knowledge and information that the article accurately reported statements by defendant Fitzpatrick. Defendants neither admit nor deny the remaining allegations in Paragraph 108 for lack of sufficient knowledge and information.

109. Paragraph 109 consists of a factual argument or conclusion, and no response is required.

110. Paragraph 110 consists of a factual argument or conclusion, and no response is required.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants deny the allegations in Paragraph 112.

113. Defendants deny that there was an "attack.' Defendants neither admit nor deny the remaining allegations in Paragraph 113 for lack of sufficient knowledge and information.

114. Defendants neither admit nor deny the allegations in Paragraph 114 for lack of sufficient knowledge and information.

115. Defendants neither admit nor deny the allegations in Paragraph 115 for lack of sufficient knowledge and information.

116. Defendants neither admit nor deny the allegations in Paragraph 116 for lack of sufficient knowledge and information.

117. To the extent that Paragraph 117 states legal conclusions and arguments, no response is required. Defendants neither admit nor deny the factual allegation in Paragraph 117 for lack of sufficient knowledge and information.

118. Defendants repeat their responses to Paragraphs 1-117.

119. – 121.  Defendants deny the allegations in these paragraphs.

122. Defendants repeat their responses to Paragraphs 1-117.

123-124. Defendants deny the allegations in these paragraphs.

125. Defendants repeat their responses to Paragraphs 1-117.

126. Paragraph 126 states a legal conclusion, and no response is required.

127. Defendants deny the allegations in Paragraph 127.

128. Defendants repeat their responses to Paragraphs 1-117.

129.-130.  Defendants deny the allegations in these paragraphs.

131. Defendants repeat their responses to Paragraphs 1-117.

132.-135.  Defendants deny the allegations in these paragraphs.

136. -139.  These paragraphs set forth claims for relief, and no response is required.

WHEREFORE, defendants demand that judgment be entered in their favor and that they be awarded costs and attorney fees.

AND FURTHER ANSWERING, defendants state:

## AFFIRMATIVE DEFENSES

1. The complaint and each count of it fail to state a claim upon which relief can be granted.

2. To the extent that the complaint states claims under state law, the individual defendants are entitled to discretionary immunity.

3. To the extent that the complaint states claims under federal law, the defendants are entitled to qualified immunity.

4. Long Creek Youth Development Center is not a separate legal entity and is not a proper party to this case.

5. Plaintiff's claims are barred by A.I.'s failure to exhaust available administrative remedies.

6. A.I.'s injuries were caused by his own fault, and any recovery by the plaintiff is barred or must be reduced.

7. To the extent the complaint seeks money damages against the Maine Department of Corrections or its officials, it is barred by operation of the Eleventh Amendment.

May 16, 2018                                    _____/s/ James E. Fortin_____
                                                James E. Fortin
                                                Assistant Attorney General
                                                James.Fortin@maine.gov

Office of the Attorney General
Six State House Station
Augusta, ME 04333
626-8800

Certificate of Service

The undersigned certifies that he filed this document by means of the court's ECF system, which will send a copy of the document to all counsel of record.

May 16, 2018                                    _____/s/ James E. Fortin_____
                                                James E. Fortin